CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

May 22, 2024

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EUBERT CAIN, ) | |
|     Plaintiff, ) | Case No. 7:22-cv-00054 |
| ) | |
| v. ) | |
| ) | By: Joel C. Hoppe |
| RAJVINDER MANN, M.D., *et al.*, ) | United States Magistrate Judge |
|     Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Eubert Cain, a former Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, alleging that he received inadequate medical treatment while incarcerated at Coffeewood Correctional Center (Coffeewood). Defendant Rajvinder Mann, M.D., did not respond to the complaint within the required timeframe and is technically in default. The case is presently before the court on Dr. Mann's motion to set aside default. For the reasons set forth below, the motion (ECF No. 55) is granted.

### Background

By order entered February 1, 2023, the court granted Cain's motion to proceed *in forma pauperis* and for assistance in effecting service of process on the named defendants. (ECF No. 17.) The Clerk initially mailed a request for waiver of service to Mann at the address for Coffeewood. (ECF No. 23.) On March 17, 2023, after the request for waiver of service was not returned, the court directed the United States Marshals Service to attempt service of process. (ECF No. 28.) The record reflects that a deputy marshal personally served Mann at Coffeewood on March 23, 2023. (ECF No. 41.)

Dr. Mann has not filed a responsive pleading as required by Federal Rule of Civil Procedure 12(a). Although Dr. Mann is technically in default, Cain has not requested entry of default against Dr. Mann under Rule 55(a), and no default has been entered by the Clerk.

On January 22, 2024, counsel filed a notice of appearance on behalf of Dr. Mann, along with a motion to set aside default. (ECF Nos. 54, 55). In the memorandum filed in support of the motion, counsel explains that "Dr. Mann inquired about 'the Cain case'" when speaking with counsel about another action pending in the Western District of Virginia. (ECF No. 56 at 2.) After reviewing the docket, counsel contacted VitalCore Health Strategies, LLC (Vital Core), the company that employed Dr. Mann at the time of the events giving rise to this action but no longer contracts with the Virginia Department of Corrections to provide healthcare services at Coffeewood. (*Id.*) After contacting VitalCore, counsel was retained to represent Dr. Mann in this matter and immediately entered an appearance on her behalf. (*Id.*)

Cain has not responded to the motion to set aside default, and the time for doing so has expired. *See* W.D. Va. Local Civ. R. 11(c). Accordingly, the matter is ripe for consideration.

## Discussion

The United States Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Consequently, "[a]ny doubts about whether relief [from default] should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

Under Rule 55(c), the court may set aside an entry of default under Rule 55(a) "for good cause." Fed. R. Civ. P. 55(c). When deciding whether to set aside an entry of default under this

rule, courts consider the following factors: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the [opposing] party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). The Fourth Circuit has emphasized that Rule 55(c) "must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (quoting *Tolson*, 411 F.2d at 130).

In this case, Cain has not moved for entry of default against Dr. Mann or opposed Dr. Mann's motion to set aside her technical default. Moreover, several of the factors identified in *Payne* weigh in favor of granting Dr. Mann's motion. For instance, the court has no reason to believe that Cain would be prejudiced by a decision to set aside the default and allow the claim against Dr. Mann to proceed on the merits. "As numerous decisions make clear, prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir. 1998); *see also Colleton Preparatory Acad.*, 616 F.3d at 419 (emphasizing that "no cognizable prejudice inheres in requiring a plaintiff to *prove* a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal court"). Additionally, there is no evidence of prior dilatory action on the part of Dr. Mann, and the court finds that "the less drastic sanction of a warning . . . that deadlines must be heeded in the future will suffice." *Strojnik v. Hyatt Hotels Corp.*, No. 2:21-cv-00741, 2022 WL 504480, at *9 (D. Ariz. Feb. 18, 2022); *see also Whitten v. Johnson*, No. 7:19-cv-00728, 2022 WL 885773, at *4 (W.D. Va. Mar. 25, 2022) (declining to enter default judgment and instead warning the defendant and his counsel "that failure to comply with deadlines in the future could result in the imposition of sanctions").

## Conclusion

For the reasons stated, Dr. Mann's motion to set aside default (ECF No. 55) is **GRANTED**, and Dr. Mann shall file a response to the complaint within 14 days. The Clerk is directed to send a copy of this memorandum opinion and order to the parties.

It is so **ORDERED**.

ENTER: May 22, 2024

/s/ Joel C. Hoppe
United States Magistrate Judge